IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03163-PAB-STV

JACOB BELLINSKY,

      Plaintiff,

v.

RACHEL ZINNA GALAN, individually,
STEVEN JAMES LAZAR, individually,
ANDREW NEWTON HART, individually,
TERRI MEREDITH, individually,
RYAN PAUL LOEWER, individually,
BRYCE DAVID ALLEN, individually,
JEFFREY RALPH PILKINGTON, individually,
BRIAN DALE BOATRIGHT, individually, and
STATE OF COLORADO, corporately,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion & Demand for Recusals & Other Due Relief [Docket No. 67]. Plaintiff Jacob Bellinsky requests that I recuse myself and order the recusal of Magistrate Judge Scott T. Varholak from all of plaintiff's cases, including this case, Case No. 23-cv-01799-PAB-STV, and Case No. 23-cv-03461, pursuant to 28 U.S.C. § 455. Docket No. 67 at 1. Mr. Bellinsky additionally requests the "self-disqualification" of Magistrate Judge Varholak. *Id.* I will rule only on that portion of the motion requesting that I recuse myself and Magistrate Judge Varholak.

Mr. Bellinsky states that Magistrate Judge Varholak and I "are aiding the Defendants in their ongoing 'Relocation Crime Spree,' which is the subject matter of this

suit." *Id*. at 2.  Mr. Bellinsky argues that Magistrate Judge Varholak has "entered several known-void orders in this case . . . in obvious aid to the Defendants/suspects in their never-ending crimes." *Id*. (footnote omitted).  Mr. Bellinsky also claims that Judge Varholak and I have failed to take "action" on Mr. Bellinsky's "criminal complaints" and his petition for a special grand jury investigation. *Id*. at 3.  Furthermore, Mr. Bellinsky "accuses [Judge] Brimmer and [Magistrate Judge] Varholak of misprision of felony (18 U.S.C. § 4) and misprision of treason (18 U.S.C. § 2382)." *Id*.  Accordingly, Mr. Bellinsky requests that I transfer this case to "an impartial senior federal district court judge" and enter an order recusing myself and Magistrate Judge Varholak. *Id*.

Under 28 U.S.C. § 455, a federal judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party" or "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §§ 455(a)-(b)(1).  However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal.").  Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted).

Although Mr. Bellinsky argues that Magistrate Judge Varholak has entered "several known-void orders" in this case to aid the defendants, *see* Docket No. 67 at 2, the Court finds that Magistrate Judge Varholak's orders do not reveal any bias or prejudice towards any party.  Therefore, the Court finds no reason to recuse Magistrate Judge Varholak on this ground.  *See Liteky*, 510 U.S. at 555.

Mr. Bellinsky appears to argue that Magistrate Judge Varholak and I have demonstrated bias by failing to take any "action" on Mr. Bellinsky's "criminal complaints."  Docket No. 67 at 3.  This is a civil case.  Mr. Bellinsky cites no authority suggesting that a federal judge has a duty or, in these circumstances, the ability to initiate criminal cases.  As the Court explained in one of Mr. Bellinsky's other cases,

> "[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual."  *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *1 (D. Colo. Aug. 21, 2019) (quoting *Price v. Hasly*, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981)); *Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("a private citizen[ ] has no standing to initiate federal criminal prosecutions")).

*Galan v. Bellinsky*, No. 23-cv-01799-PAB, 2023 WL 8075634, at *4-5 (D. Colo. Nov. 21, 2023).  Ultimately, Mr. Bellinsky has identified no decisions, opinions, or remarks by Magistrate Judge Varholak or myself revealing such a "high degree of favoritism or antagonism as to make fair judgment impossible.'"  *See Nickl*, 427 F.3d at 1298.

It is therefore

**ORDERED** that the portion of plaintiff's Motion & Demand for Recusals & Other Due Relief [Docket No. 67] seeking that I recuse myself and that I order the recusal of Magistrate Judge Varholak is **DENIED**.  It is further

**ORDERED** that the portion of plaintiff's motion [Docket No. 67] requesting that I take action on Mr. Bellinsky's purported criminal complaints is **DENIED**.  It is further

**ORDERED** that the portion of plaintiff's motion [Docket No. 67] seeking that Magistrate Judge Varholak voluntarily disqualify himself is referred to Magistrate Judge Varholak.

DATED March 1, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge