IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03163-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

RACHEL ZINNA GALAN, individually,
STEVEN JAMES LAZAR, individually,
ANDREW NEWTON HART, individually,
TERRI MEREDITH, individually,
RYAN PAUL LOEWER, individually,
BRYCE DAVID ALLEN, individually,
JEFFREY RALPH PILKINGTON, individually,
BRIAN DALE BOATRIGHT, individually, and
STATE OF COLORADO, corporately,

    Defendants.

_____

# ORDER
_____

This matter is before me on plaintiff's Objection to 03/01/24 Orders (#69 & #70) and to All Other Continued Known-Void Orders & Fourth Demand for Required Recusals [Docket No. 71].

## I.    BACKGROUND

On February 29, 2024, plaintiff Jacob Bellinsky filed a motion requesting that I recuse myself and order the recusal of Magistrate Judge Scott T. Varholak from all of plaintiff's cases pursuant to 28 U.S.C. § 455. Docket No. 67 at 1. Mr. Bellinsky additionally requested the "self-disqualification" of Magistrate Judge Varholak. *Id*. On March 1, 2024, I denied the portion of Mr. Bellinsky's motion requesting that I recuse

myself and order the recusal of Magistrate Judge Varholak.  Docket No. 69 at 3.  On March 1, 2024, Magistrate Judge Varholak denied the portion of plaintiff's motion seeking the magistrate judge's "voluntary disqualification."  Docket No. 70 at 2.

On March 14, 2024, Mr. Bellinsky filed a motion "object[ing] to orders #69 and #70 and to all continued known-void orders in this case."  Docket No. 71 at 1 (footnote omitted).  Mr. Bellinsky also makes a second demand for the recusal of myself and Magistrate Judge Varholak.  *Id*.[1]

## II. ANALYSIS

### A. Objections to Docket No. 69 and Docket No. 70

Plaintiff states that he objects to my order, Docket No. 69, and Magistrate Judge Varholak's order, Docket No. 70.  *See id*.  As a preliminary matter, the Federal Rules of Civil Procedure and this Court's Local Rules provide no procedural mechanism allowing a party to file an objection to a district judge's order.  Moreover, Mr. Bellinsky cites no authority suggesting that he can do so.  Accordingly, I deny the portion of Mr. Bellinsky's motion objecting to Docket No. 69.

I will next consider Mr. Bellinsky's objection to the magistrate judge's order.  The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).  The clearly erroneous

---

[1] Mr. Bellinsky states that this motion is his "fourth demand" for recusal.  Docket No. 71 at 1.  However, Mr. Bellinsky has only filed one other motion for recusal.  *See* Docket No. 67.

standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted). A recusal order is a non-dispositive matter. *See Nelson v. Mayorkas*, No. 23-cv-00100-NYW-SBP, 2023 WL 6390480, at *2 (D. Colo. Oct. 2, 2023). Therefore, I will review Magistrate Judge Varholak's order, Docket No. 70, under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Although Mr. Bellinsky states that he "objects" to Magistrate Judge Varholak's order, *see* Docket No. 71 at 1, Mr. Bellinsky does not argue that Magistrate Judge Varholak's order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Mr. Bellinsky fails to identify any factual or legal errors in the order. I find that Magistrate Judge Varholak applied the correct legal standard under 28 U.S.C. § 455 for analyzing whether he should disqualify himself from this proceeding. *See* Docket No. 70 at 1-2. Furthermore, under the clearly erroneous standard, I am not "left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil Corp.*, 847 F.2d at 1464. Accordingly, I overrule Mr. Bellinsky's objection to Docket No. 70.

3

### B. Plaintiff's Second Recusal Request

Mr. Bellinsky argues that Magistrate Judge Varholak and I must "immediately recuse or self-disqualify" ourselves from this case pursuant to 28 U.S.C. § 455(a) because our "impartiality" has been reasonably questioned. Docket No. 71 at 3-5. I will rule only on that portion of the motion requesting that I recuse myself.

Under 28 U.S.C. § 455(a), a federal judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)). "In conducting this review, [the court] must ask how these facts would appear to a well-informed, thoughtful and objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person." *Id*. (internal quotations and citation omitted). "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id*. (quoting *Wells*, 873 F.3d at 1251).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal."). Rather, recusal based on a judge's decisions,

4

opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555). Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal." *Id*. (citation omitted).

    Mr. Bellinsky argues that my impartiality has been reasonably questioned on several grounds. Docket No. 71 at 3-4. First, Mr. Bellinsky argues that I have demonstrated bias because I have failed to "process" Mr. Bellinsky's "criminal complaints" and I have failed to "convene one or more federal grand juries for investigation." *Id*. at 3. Next, Mr. Bellinsky argues that I have committed "misprision of felony and misprision of treason," I have aided the defendants "in their ongoing crimes and offenses," and I have failed to address "hundreds of frauds upon the federal court." *Id*. Furthermore, Mr. Bellinsky contends that I "unlawfully and without legitimate basis" remanded his first case, Case No. 23-cv-01799-PAB, to state court. *Id*. at 4. Finally, Mr. Bellinsky argues that I ignored a letter that he provided to the Clerk of the Court on November 30, 2023, requesting that this case not be assigned to me. *Id*.[2]

    I find that a reasonable person, knowing all the circumstances, would not harbor doubts about my impartiality. *See Mobley*, 971 F.3d at 1205. Mr. Bellinsky cites no authority suggesting that a federal judge has a duty or the ability to initiate criminal cases or grand jury investigations in these circumstances. The "United States and its

---

[2] Mr. Bellinsky also appears to argue that I refused to disqualify the Attorney General's Office from representing the individual defendants. Docket No. 71 at 4. Mr. Bellinsky, however, identifies no decision that I issued or any motion that he filed on this subject. Accordingly, I decline to consider this argument.

attorneys have the sole power to prosecute criminal cases in the federal courts." *Maine v. Taylor*, 477 U.S. 131, 136 (1986). "The commencement of a federal criminal case by submission of evidence to a grand jury is 'an executive function within the exclusive prerogative of the Attorney General.'" *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *2 (D. Colo. Aug. 21, 2019) (quoting *Baranoski v. U.S. Attorney's Office*, 215 F. App'x 155, 156 (3d Cir. 2007) (unpublished)). "While district courts have certain responsibilities in connection with selecting, instructing, and supervising grand juries, . . . the investigation of crime is primarily an executive function. Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises." *Id.* (quoting *Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978)). I therefore find no grounds for recusal based on my purported failure to "process" Mr. Bellinsky's "criminal complaints" or "convene one or more federal grand juries for investigation." *See* Docket No. 71 at 3.[3]

Furthermore, Mr. Bellinsky's suggestions that I have committed "misprision of felony and misprision of treason," aided the defendants "in their ongoing crimes and offenses," and failed to address "hundreds of frauds upon the federal court," *see id.*, are merely "unsubstantiated suggestion[s] of personal bias or prejudice." *See Mobley*, 971 F.3d at 1205. Mr. Bellinsky provides no facts in support of these arguments. *See Wells*, 873 F.3d at 1251 (noting that a court should begin a § 455(a) analysis by asking

---

[3] Additionally, I previously rejected this argument in my order ruling on Mr. Bellinsky's first recusal motion, *see* Docket No. 69 at 3, and in one of Mr. Bellinsky's other cases. *See Galan v. Bellinsky*, No. 23-cv-01799-PAB, 2023 WL 8075634, at *4-5 (D. Colo. Nov. 21, 2023).

"whether a reasonable factual basis exists for questioning the judge's impartiality" (citation omitted)). Accordingly, these conclusory arguments provide no valid grounds for recusing myself.

I find that the remand order in Case No. 23-cv-01799-PAB provides no basis for recusal. *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Wells*, 873 F.3d at 1252 ("adverse rulings cannot in themselves form the appropriate grounds for disqualification" (citation omitted)). Mr. Bellinsky has identified no decisions, opinions, or remarks by myself revealing such a "high degree of favoritism or antagonism as to make fair judgment impossible." *See Nickl*, 427 F.3d at 1298. Accordingly, any adverse ruling to Mr. Bellinsky is "grounds for appeal, not recusal." *Id*. (citation omitted).[4]

Finally, I find no grounds for recusal based on Mr. Bellinsky's argument that I ignored a letter that he provided to the Clerk of the Court on November 30, 2023. Mr. Bellinsky argues that his letter, which appears to be Docket No. 2, requested that the Clerk of the Court not assign his case to "judge Philip A. Brimmer given his involvement in the deprivation of [plaintiff's] due process rights in Case No. 1:23-cv-01799-PAB and [Judge Brimmer] is therefore disqualified under the law." Docket No. 71 at 4; *see also* Docket No. 2. Mr. Bellinsky appears to argue that my failure to timely address this letter demonstrates my bias and partiality. *See* Docket No. 71 at 4. Pursuant to the Local Rules, "[i]f an unrepresented party in a new case already has a case pending or had a case terminated within 12 months of the new filing, the new case shall be assigned to

---

[4] In fact, Mr. Bellinsky appealed the Court's remand order to the Tenth Circuit. *See Bellinsky v. Galan*, Case No. 23-cv-01799-PAB, Docket No. 28. The Tenth Circuit dismissed Mr. Bellinsky's case for lack of jurisdiction. *Id*., Docket No. 36.

the judicial officers who were assigned the earlier case." D.C.COLO.LCivR 40.1(d)(1). The Clerk of the Court correctly assigned Case No. 23-cv-03163-PAB-STV to me because I was assigned to Mr. Bellinsky's earlier case, Case No. 23-cv-01799-PAB. Mr. Bellinsky's letter addressed to the Clerk of the Court did not request that I recuse myself. *See* Docket No. 2. Mr. Bellinsky first filed a motion requesting that I recuse myself on February 29, 2024. Docket No. 67. I ruled on the motion the next business day. *See* Docket No. 69. Accordingly, I find that Docket No. 2 provides no grounds for recusal.

It is therefore

**ORDERED** that the portion of plaintiff's motion [Docket No. 71] objecting to Docket No. 69 is **DENIED**. It is further

**ORDERED** that the portion of plaintiff's motion [Docket No. 71] objecting to Docket No. 70 is **OVERRULED**. It is further

**ORDERED** that the portion of plaintiff's motion [Docket No. 71] seeking that I recuse myself is **DENIED**. It is further

**ORDERED** that the portion of plaintiff's motion [Docket No. 71] seeking that Magistrate Judge Varholak recuse or voluntarily disqualify himself is referred to Magistrate Judge Varholak.

DATED March 28, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge