IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03163-PAB-STV

JACOB BELLINSKY,

    Plaintiff,

v.

RACHEL ZINNA GALAN, individually,
STEVEN JAMES LAZAR, individually,
ANDREW NEWTON HART, individually,
TERRI MEREDITH, individually,
RYAN PAUL LOEWER, individually,
BRYCE DAVID ALLEN, individually,
JEFFREY RALPH PILKINGTON, individually,
BRIAN DALE BOATRIGHT, individually, and
STATE OF COLORADO, corporately,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on plaintiff's Objections to Magistrate's Known-Void Orders [Docket No. 68].

## I.    BACKGROUND

On November 30, 2023, plaintiff Jacob Bellinsky filed this case. Docket No. 1. On January 25, 2024, defendants State of Colorado, Terri Meredith, Ryan Paul Loewer, Jeffrey Pilkington, Bryce David Allen, and Brian Dale Boatright (collectively, the "state defendants") filed a joint motion to stay discovery and to stay all proceedings pending the Court's resolution of the state defendants' motions to dismiss. Docket No. 51. On

February 8, 2024, Mr. Bellinsky filed a motion to strike defendant Steven James Lazar's reply to Mr. Lazar's motion to dismiss. Docket No. 62.

On February 15, 2024, Magistrate Judge Scott T. Varholak held a telephonic hearing on the state defendants' motion to stay and Mr. Bellinsky's motion to strike. Docket No. 65; *see also Bellinsky v. Galan et al.*, Case No. 23-cv-03163-PAB-STV, Audio Recording of Hearing Before Magistrate Judge Scott T. Varholak on February 15, 2024, 9:34:00 a.m. to 10:06:00 a.m. [hereinafter "Audio Recording"]. Judge Varholak granted the state defendants' motion to stay the case pending resolution of the motions to dismiss. Docket No. 65 at 2. Judge Varholak denied Mr. Bellinsky's motion to strike Mr. Lazar's reply. *Id*. Judge Varholak also denied Mr. Bellinsky's oral request for limited discovery. *Id*.

On February 29, 2024, Mr. Bellinsky filed an objection to the magistrate judge's rulings. Docket No. 68.

## II.     LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948));

*see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted).

Mr. Bellinsky does not address whether the magistrate judge's rulings at the February 15 hearing were dispositive or non-dispositive. Discovery is a non-dispositive matter. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The Court finds that the decision whether to strike a reply is also non-dispositive. Therefore, the Court will review Magistrate Judge Varholak's rulings from the February 15 hearing under the clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

### III. ANALYSIS

Mr. Bellinsky raises five objections in relation to the February 15 hearing. Docket No. 68 at 2-4.

#### A. Objection One

Mr. Bellinsky states that his "primary objection to [Judge] Varholak's 02/15/24 orders is that they are void for lack of authority, as [Judge] Varholak was long-ago required by law to be removed by [C]hief [J]udge Brimmer and/or to self-disqualify" for the reasons stated in Mr. Bellinsky's recusal motion, filed on February 29, 2024. *Id*. at 2; *see also* Docket No. 67. On March 1, 2024, the Court found that "Magistrate Judge Varholak's orders do not reveal any bias or prejudice towards any party" and therefore denied the portion of Mr. Bellinsky's recusal motion seeking that the Court order the

3

recusal of Magistrate Judge Varholak.  Docket No. 69 at 3.  That same day, Magistrate Judge Varholak denied the portion of the motion requesting that Judge Varholak voluntarily disqualify himself because Mr. Bellinsky provided no valid grounds for disqualification.  Docket No. 70 at 2.  Accordingly, the Court overrules Mr. Bellinsky's first objection as moot.

### B. Objection Two

Mr. Bellinsky objects to Magistrate Judge Varholak's ruling granting the state defendants' motion to stay.  Docket No. 68 at 2.  Specifically, Mr. Bellinsky argues that it was error for the magistrate judge to grant

> the Defendants/suspects' known-fraudulent and known-criminal Amended Joint Motion to Stay [#51] knowing full-well from Father's Response [#57, et al.] and attached evidence of the commission of another conspiracy against Father's rights (18 U.S.C. § 241)—initiated by assistant attorney general/suspect ALLISON R. AILER to enjoin all Defendants/suspects against Father in this case and in 1:23-cv-03461 at substantial public expense—as well as several further federal and state crimes by the Defendants/suspects in their "Relocation Crime Spree-Part 2."

*Id*.  Mr. Bellinsky also objects that the magistrate judge "spent nearly the entire proceeding on 02/15/24 only addressing the '*String Cheese 5-factors*,'" yet spent "no time" on Mr. Bellinsky's "counter-arguments pertaining to frauds upon the court or to his citations" to other precedent.  *Id*. at 4.

Courts in this district consider the following factors (the "*String Cheese* factors") in determining whether a stay is appropriate: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *Springmeadows Condo. Ass'n v. Am. Family Mut. Ins. Co.*, No. 14-cv-02199-CMA-KMT, 2014 WL

4

7005106, at *1 (D. Colo. Dec. 9, 2014) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

Judge Varholak found that the *String Cheese* factors weighed in favor of granting the state defendants' motion to stay.  *See* Audio Recording at 9:58:57 a.m. to 10:03:05 a.m.  He determined that the first factor – Mr. Bellinsky's interest in proceeding expeditiously – weighed slightly against a stay because, even though Mr. Bellinsky identified no specific prejudice he would suffer, Mr. Bellinsky has a general interest in moving his case forward.  *Id*.  Judge Varholak found that the second and third factors – the burden on defendants and the convenience to the Court – weighed heavily in favor of granting a stay because defendants have raised several jurisdictional issues and immunity defenses in the motions to dismiss that could potentially dispose of the entire case.  *Id*.  Judge Varholak noted that the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), stated that the purpose of the qualified immunity defense is to avoid "disruptive discovery."  *Id*.  Judge Varholak found *Iqbal's* rationale applicable in this case given the state defendants' assertion of several immunity defenses.  *Id*.  Regarding the fourth factor - the interests of persons not parties to the civil litigation – Judge Varholak found that this factor weighed slightly in favor of a stay to the extent that the state defendants are hindered in performing their public functions as a result of this litigation.  *Id*.  Finally, Judge Varholak found that the fifth factor – the public interest – weighed in favor of a stay because the public has an interest in the Court determining immunity issues before allowing a case to proceed to discovery.  *Id*.  Judge Varholak

therefore granted the state defendants' motion and stayed this action pending resolution of the motions to dismiss. *Id*.; *see also* Docket No. 65 at 2.

The Court finds that, under the contrary to law standard, Judge Varholak applied the correct legal standard, namely, the *String Cheese* factors. The Court also finds, under the clearly erroneous standard, that there is no clear error in the magistrate judge's order staying this action pending resolution of the motions to dismiss. The magistrate judge methodically reviewed each *String Cheese* incident factor. *See* Audio Recording at 9:58:57 a.m. to 10:03:05 a.m. The Court finds no clear error in the magistrate judge's weighing of the *String Cheese* factors, and Mr. Bellinsky identifies no error in his objection. *See* Docket No. 68 at 2; *see also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2-3 (D. Colo. Mar. 15, 2021) (finding no clear error in a magistrate judge's order staying discovery because the magistrate judge carefully reviewed each *String Cheese* factor and plaintiff failed to cite any error in the magistrate judge's evaluation of the *String Cheese* factors). Mr. Bellinsky provides no evidence supporting his assertion that the motion to stay was "fraudulent" or "criminal." *See* Docket No. 68 at 2. Accordingly, the Court overrules Mr. Bellinsky's second objection.

### C. Objection Three

Mr. Bellinsky objects to Judge Varholak's denial of his motion to strike Mr. Lazar's reply. *Id*. at 2-3. Without further explanation, Mr. Bellinsky argues that Mr. Lazar's reply was "filed in clear breach of federal rules" and "did in fact contain scandalous matter." *Id*.

In discussing plaintiff's motion to strike, Judge Varholak noted that plaintiff's motion raised two arguments: (1) Mr. Lazar filed his reply three days late; and (2) the reply contained allegedly "false matters." *See* Audio Recording at 9:57:40 a.m. to 9:58:56 a.m. Judge Varholak acknowledged that Mr. Lazar, a *pro se* party, filed the reply after the deadline. *Id*. However, Judge Varholak stated that, had Mr. Lazar moved for a three-day extension of time to file the reply, the magistrate judge would have granted that request. *Id*. Accordingly, Judge Varholak found that the delay did not warrant striking Mr. Lazar's reply, *id*., although he warned Mr. Lazar that, "even though he is *pro se*, he is bound by the rules of the court and therefore in the future, this court expects Mr. Lazar to file any responses or reply briefings in a timely manner." Docket No. 65 at 2. The magistrate judge also found that the assertions in the reply are not so "scandalous" as to justify striking the reply. *See* Audio Recording at 9:57:40 a.m. to 9:58:56 a.m. Accordingly, Judge Varholak denied plaintiff's motion to strike Mr. Lazar's reply. *Id*.; *see also* Docket No. 65 at 2.

The Court finds no clear error in the magistrate judge's order denying Mr. Bellinsky's motion to strike. This Court's Local Rules allow a judicial officer to extend the deadline for filing a reply. *See* D.C.COLO.LCivR 7.1(d) ("The moving party may file a reply no later than 14 days after the date of service of the response, or such lesser or greater time as the court may allow."). Accordingly, it was not clear error for the magistrate judge to reject Mr. Bellinsky's argument that the Court should strike Mr. Lazar's reply because it was "filed in clear breach of federal rules." *See* Docket No. 68 at 2.

Regarding Mr. Bellinsky's argument that the reply contains "scandalous matter," *see id*. at 3, Mr. Bellinsky fails to provide any explanation or description of the allegedly scandalous matter. Mr. Bellinsky disputes only the correctness of this portion of the order and does not point to any specific errors made by Judge Varholak. Mr. Bellinsky's objection is therefore insufficient. *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's [order], but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))). Ultimately, the Court is not "left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil Corp.*, 847 F.2d at 1464. Accordingly, the Court overrules the third objection.

### D. Objection Four

Mr. Bellinsky objects to the magistrate judge's denial of plaintiff's "request for limited discovery." Docket No. 68 at 3. Mr. Bellinsky argues that the magistrate judge ignored his argument that "controlling" case law "allows limited discovery even when immunity is asserted." *Id*. at 3 & n.3 (citing *Siegert v. Gilley*, 500 U.S. 231 (1991)).[1]

After Judge Varholak analyzed the *String Cheese* factors and granted defendants' motion to stay, Mr. Bellinsky requested at the end of the hearing that the Court allow "limited discovery." *See* Audio Recording at 10:04:36 a.m. to 10:05:24 a.m.

---

[1] Mr. Bellinsky cites "*Estate of Owens v. Maschmeier*, 2007 WL 3026879, at *2 (E.D. Cal. Oct. 15, 2007)" in support of the proposition that courts have declined to "impose a categorical rule ordering a stay whenever immunity is asserted." Docket No. 68 at 3 n.3. This case does not exist at 2007 WL 3026879, and the Court was unable to find the case. Even if this case exists, a district court case from another circuit is not binding on this Court.

Judge Varholak denied Mr. Bellinsky's request for limited discovery, finding that it was not appropriate in this case. *Id*. at 10:05:26 a.m. to 10:05:32 a.m.; *see also* Docket No. 65 at 2.

The Court finds no clear error in the magistrate judge's decision denying plaintiff's oral request for limited discovery. The magistrate judge found that a stay of discovery was warranted under the *String Cheese* factors. *See* Audio Recording at 9:58:57 a.m. to 10:03:05 a.m. *Siegert* does not support plaintiff's position. The Supreme Court in *Siegert* explained that, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert*, 500 U.S. at 231. In *Iqbal*, the Supreme Court stated that the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Iqbal*, 556 U.S. at 685 (internal quotations and citation omitted). The Court finds that Judge Varholak's decision is not clearly erroneous or contrary to law. As a result, the Court overrules plaintiff's fourth objection.

### E. Objection Five

Mr. Bellinsky objects to Judge Varholak's denial of plaintiff's "request for an order disqualifying the Office of the Attorney General from representing" the state defendants in this case due to the office's "undisputed conflicts of interest." Docket No. 68. at 3. Specifically, Mr. Bellinsky objects to

> the Office of the Attorney General and to assistant attorney general ALLISON AILER's unlawful and illegal and treasonous representation of the individual Defendants—who are being sued in their individual capacities only—and of the STATE, due to several conflicts of interest (see Father's Responses to AILER's known-void Motion to Dismiss and Amended Joint Motion to Stay), and Father objects to Varholak's concealment of, and refusal to 'order' (per Father's verbal motion) or recommend appropriate action to address, AILER's lack of authority, the continued and well-documented frauds upon this court and other crimes by

9

> AILER and all of the Defendants in this case, and the continued theft now of both state and federal funding and resources by AILER and the Defendants to carry out their conspiracy to sabotage Father's cases and their never-ending 'color of law' crimes against Father.

*Id*. at 3-4 (footnotes omitted).  Mr. Bellinsky also appears to argue that the Attorney General's Office has no authority to represent defendants who are being sued in their individual capacities.  *Id*. at 4 n.4.

During the February 15 hearing, Mr. Bellinsky stated that the Attorney General's Office cannot represent the individual defendants.  *See* Audio Recording at 9:56:02 a.m. to 9:57:19 a.m.  Mr. Bellinsky asked the magistrate judge to order the Attorney General's Office to withdraw from representing the state defendants due to the Office's "conflicts of interest."  *Id*.  Judge Varholak denied the request because Mr. Bellinsky did not file a formal motion and the magistrate judge found no grounds to order the Attorney General's Office to withdraw.  *Id*. at 9:57:20 to 9:57:40.  Judge Varholak explained that it is not uncommon for the Attorney General's Office to represent state employees sued in their individual capacities.  *Id*.

Mr. Bellinsky cites no legal authority in support of his oral request to disqualify the Attorney General's Office.  "A motion to disqualify an attorney rests with the sound discretion of the trial court."  *Schrock v. State Farm Auto. Ins. Co*., No. 21-cv-01392-PAB-MEH, 2022 WL 4547569, at *2 (D. Colo. Sept. 29, 2022) (citing *English Feedlot, Inc. v. Norden Lab'ys, Inc*., 833 F. Supp. 1498, 1506 (D. Colo. 1993); *SLC Ltd. V v. Bradford Grp. W., Inc*., 999 F.2d 464, 466 (10th Cir. 1993) ("Ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and his performance in this area is a matter of judicial discretion." (citation omitted))).  "Two sources inform whether a district court should disqualify an attorney."  *Id*. (citation

omitted).  "First, attorneys are bound by the local rules of the court in which they appear . . . .  Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."  *Id*. (citation omitted).  "In the Tenth Circuit, motions to disqualify are governed by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights."  *Id*. (citation omitted).  Mr. Bellinsky does not argue that the Attorney General's Office has violated this Court's Local Rules or any ethical rules.  Mr. Bellinsky disputes only the correctness of this portion of the ruling and does not point to any specific errors made by Judge Varholak.  Mr. Bellinsky's objection is therefore insufficient.  *See Jones*, 2024 WL 358098, at *3.

Moreover, the Court agrees with Judge Varholak that it is common for the government to represent state or local employees sued in their individual capacities. *See, e.g.*, *Montgomery v. Lore*, 2023 WL 8613523, at *1 (10th Cir. Dec. 13, 2023) (attorneys from the Aurora City Attorney's Office representing police officer sued in his individual capacity); *Hernandez v. Larson*, No. 21-cv-01538-PAB-MEH, 2023 WL 6127879, at *1 (D. Colo. Sept. 19, 2023) (attorneys from the Denver City Attorney's Office representing police officers sued in their individual capacities); *Archer v. Alms*, No. 20-cv-01247-PAB-KLM, 2023 WL 8367692, at *1 (D. Colo. Jan. 5, 2023) (attorney from the U.S. Attorney's Office representing federal prison employees sued in their individual capacities).  The Court finds that Judge Varholak's decision is not clearly erroneous or contrary to law.  Accordingly, the Court overrules Mr. Bellinsky's fifth objection.

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Objections to Magistrate's Known-Void Orders [Docket No. 68] are **OVERRULED**.

DATED March 28, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge