IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03163-PAB-STV

JACOB BELLINSKY,

      Plaintiff,

v.

RACHEL ZINNA GALAN, individually,
STEVEN JAMES LAZAR, individually,
ANDREW NEWTON HART, individually,
TERRI MEREDITH, individually,
RYAN PAUL LOEWER, individually,
BRYCE DAVID ALLEN, individually,
JEFFREY RALPH PILKINGTON, individually,
BRIAN DALE BOATRIGHT, individually, and
STATE OF COLORADO, corporately,

      Defendants.

_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

This matter is before the Court on the Recommendation of United States
Magistrate Judge [Docket No. 132].  Plaintiff Jacob Bellinsky filed objections.  Docket
No. 136.

### I.    BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No.
132 at 2-4, and the Court adopts them for purposes of ruling on the objections.  To the
extent that plaintiff disputes how the magistrate judge construed certain facts, the Court
considers and resolves those arguments below.

On November 30, 2023, plaintiff filed this case asserting various constitutional claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as a state law claim for intentional infliction of emotional distress ("IIED").  Docket No. 1 at 10-23, ¶¶ 58-95.  On December 26, 2023, defendants State of Colorado, Terri Meredith, Judge Ryan Paul Loewer, Chief Judge Jeffrey Pilkington, Magistrate Judge Bryce David Allen, and Justice Brian Dale Boatright (collectively, the "State Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 27.[1]  The same day, defendant Andrew Newton Hart filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 30.  In January 2024, defendants Rachel Zinna Galan and Steven James Lazar, appearing *pro se*, each filed a motion to dismiss. Docket Nos. 38, 44.  Plaintiff filed responses to the motions, *see* Docket Nos. 41, 42, 43, 46, and the defendants filed replies.  Docket Nos. 47, 54, 61.

On August 22, 2024, the Court granted defendants' motions to dismiss.  Docket No. 81.  The Court found that *Younger* abstention applied to this case because plaintiff's claims arise out of a domestic relations case in state court, which was ongoing at the time that plaintiff filed this case, the state forum provided an adequate opportunity to raise plaintiff's federal claims, and the state case implicated an important state interest.

---

[1] When this case was filed, Justice Boatright was the Chief Justice of the Colorado Supreme Court.  *See* Colorado Judicial Branch, Brian D. Boatright, https://www.coloradojudicial.gov/contact/brian-d-boatright (last accessed January 8, 2026).  Furthermore, Chief Judge Jeffrey Pilkington is the Chief Judge of the First Judicial District in Colorado, which encompasses Jefferson County and Gilpin County. *See* Colorado Judicial Branch, Jeffrey R. Pilkington, https://www.coloradojudicial.gov/contact/jeffrey-r-pilkington (last accessed January 8, 2026).

*See id.* at 10-17.  Because plaintiff's state case was ongoing at the time this case was filed, the Court found that *Rooker-Feldman* did not apply.  *See id.* at 18-19.

Plaintiff appealed the August 22 Order.  Docket No. 84; Docket No. 91 at 2.  On July 22, 2025, the Tenth Circuit reversed the Court's judgment and remanded for further proceedings.  Docket No. 91 at 13.  The Tenth Circuit held that the Court erred by failing to determine whether plaintiff's "underlying domestic relations case fallen into a *Sprint* category" before finding that *Younger* abstention applies.  *Id.* at 12.  The Tenth Circuit noted that, if plaintiff's case "didn't fall into a *Sprint* category, the district court would need to consider the remaining arguments asserted in the defendants' motions to dismiss."  *Id.*

On September 15, 2025, the Court reopened this case, vacated the August 22 Order, and reinstated defendants' motions to dismiss.  Docket No. 112 at 2.  On December 12, 2025, the magistrate judge issued his recommendation.  Docket No. 132. The magistrate judge recommends that the motions to dismiss be granted and that the Court decline supplemental jurisdiction over plaintiff's state claim.  *Id.* at 1-2.

## II.    LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or is contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

### A. Objection Regarding *Younger* Abstention

Plaintiff objects on the basis that the recommendation did not include an analysis as to whether the Court must abstain from deciding this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See* Docket No. 136 at 5. Plaintiff argues that the magistrate judge was required to address *Younger* before addressing any "abstention, comity, jurisdictional, immunity, or merits-based" arguments. *See id.* Plaintiff contends that the magistrate judge's failure to do so "precludes" the Court from adopting the recommendation as a "matter of law." *Id.*

While "subject matter jurisdiction is a threshold inquiry," *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1254 (10th Cir. 2015), in the Tenth Circuit, it is "unclear"

4

whether "*Younger* abstention implicates federal courts' subject matter jurisdiction."

*Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 n.32 (10th Cir. 2023).

However, "regardless of the procedural framework, a district court must resolve any

question of *Younger* abstention before it proceeds to the merits, as a conclusion that

*Younger* abstention applies ends the matter." *Peters v. United States*, No. 23-cv-

03014-NYW-SKC, 2024 WL 83333, at *4 (D. Colo. Jan. 8, 2024) (internal quotation

omitted) (citing *Goings v. Sumner Cnty. Dist. Attorney's Off.*, 571 F. App'x 634, 639

(10th Cir. 2014) ("After reaching its conclusion to abstain under *Younger* . . . the district

court should not have gone further and ruled on the merits of Defendants' 12(b)(6)

challenge.  We have held that this additional inquiry is improper.").  The State

Defendants and defendant Hart argue that the Court should abstain pursuant to

*Younger*.  *See* Docket No. 27 at 5; Docket No. 30 at 8.  Therefore, the Court will

consider whether *Younger* abstention is appropriate.

"*Younger* requires federal courts to refrain from ruling when it could interfere with

ongoing state proceedings." *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 393 (10th

Cir. 2016).  *Younger* is only applicable to three "exceptional" categories of cases: (1)

state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings

"involving certain orders that are uniquely in furtherance of the state courts' ability to

perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73

(2013) (citation omitted).  If the proceeding falls into a *Sprint* category, then the federal

court must abstain if the following conditions are met: (1) there is an ongoing state

judicial, civil, or administrative proceeding, (2) which implicates important state interests,

and (3) in which there is an adequate opportunity to raise constitutional challenges.

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32

(1982); *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215

(10th Cir. 2003).

 The Court will first determine whether the state proceedings fall into a *Sprint*

category. Plaintiff's claims arise out of a state domestic relations case. Docket No. 1 at

3-4, ¶¶ 19, 26. Specifically, plaintiff challenges conduct arising out of the state domestic

relations case that interfered with plaintiff's parenting time. *See id.* at 4-5, ¶¶ 28, 30.

Because the state domestic relations case is not a criminal prosecution, and "domestic

relations proceedings are not civil enforcement proceedings brought by state actors

against private parties," only the third *Sprint* category is potentially applicable. *See

Covington v. Humphries*, 2025 WL 1448661, at *5 (10th Cir. May 19, 2025). In

*Covington*, the plaintiff challenged an order in her state domestic relations case that

found she failed to comply with a parenting time schedule and violated the state court's

orders. *Id.* at *1. The state court shifted decision-making authority over plaintiff's child

from the plaintiff to the plaintiff's ex-husband. *Id.* The Tenth Circuit held that this state

court order, that addressed "a parenting time dispute" and "evidentiary issues about

. . . . alleged child abuse," does not "lie at the core of the administration of the State's

judicial system" and therefore does not fall into a *Sprint* category. *Id.* at *5. (alterations

and citations omitted). Furthermore, such an order does not "implicate the state's

contempt process . . . or other processes by which the State compels compliance with

the judgments of its courts." *Id.* (internal quotation and citation omitted). According to

*Covington*, the order there did not ensure the state court can perform its functions and it

"does not concern the state court's ability to enforce compliance with judgments already

made." *Id.* (internal quotation and citation omitted). While "[f]ederal courts have repeatedly held that child support enforcement proceedings fit this third *Sprint* category," plaintiff does not appear to challenge child support enforcement proceedings. *See Hawkins v. Region 8 IV-D Agency*, No. 24-cv-02802-GPG-KAS, 2025 WL 2197307, at *5 (D. Colo. July 29, 2025). Rather, he challenges the acts arising out of the state domestic case that resulted in the "kidnapping" of plaintiff's children. *See* Docket No. 1 at 4-5, ¶ 30.

Moreover, plaintiff does not request injunctive relief that "appear[s] to go directly to the mechanisms through which the state court enforces compliance with its orders/judgments." *See Hawkins*, 2025 WL 2197307, at *5 n.9. In *Covington*, the Tenth Circuit held that the "third *Sprint* category also does not apply because [plaintiff's] federal *damages* suit does not question the *process* by which state courts compel compliance with their orders and judgments nor does it seek to enjoin or otherwise interfere with such state proceedings." *Covington*, 2025 WL 1448661, at *5 n.9 (internal quotations, alterations, and citations omitted) (emphasis added). Likewise, here, plaintiff brings a federal damages suit. Docket No. 1 at 23.

Accordingly, the Court finds that this case does not fall into a *Sprint* category and *Younger* does not apply. The magistrate judge properly analyzes the merits of plaintiff's claims. The Court will overrule plaintiff's objection.

### B. <u>Objection to Dismissal of 42 U.S.C. § 1981 Claim</u>

Plaintiff objects to the magistrate judge's recommendation that plaintiff's § 1981 claim be dismissed. *See* Docket No. 136 at 10. The magistrate judge finds that plaintiff fails to plausibly allege the elements of a § 1981 claim because plaintiff does not identify

"any contract between himself and any other party to this action which was impaired due to racial discrimination" and does not allege that any defendant "took actions because of Plaintiff's race." Docket No. 132 at 9. The magistrate judge finds that plaintiff "never identifies his race or his membership within any protected classes in the Complaint." *Id.*

As the magistrate judge notes, to state a claim under § 1981, a plaintiff must plausibly allege "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). The Court agrees that plaintiff's claim fails because the complaint does not identify a contractual relationship. Plaintiff argues that the magistrate judge "improperly reduces § 1981 to a contract-only framework." Docket No. 136 at 10. However, any claim brought under § 1981 "requires identifying an impaired contractual relationship." *Arnold v. Weld Cnty. Sch. Dist. RE-5J*, 677 F. Supp. 3d 1218, 1234 (D. Colo. 2023) (internal quotation and alteration omitted) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476) (2006)). Contrary to plaintiff's argument, *Domino's Pizza* does not stand for the proposition that a plaintiff need not identify a contractual relationship where he alleges "denial of equal legal protections and proceedings." *See* Docket No. 136 at 10.

Moreover, plaintiff fails to allege any element of a § 1981 claim. In his objection, plaintiff does not identify factual allegations that support his § 1981 claim, but rather argues that the recommendation "demands explicit racial self-identification and resolves protected-class status against Plaintiff at the pleading stage." *See id.* Plaintiff must

plausibly allege membership in a protected class and does not do so in his complaint. *See Hampton*, 247 F.3d at 1102.[2]

Plaintiff argues that the recommendation improperly required plaintiff to establish a prima facie of discrimination under § 1981. Docket No. 136 at 10. The Court rejects this argument. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). The magistrate judge identified the elements of a prima facie case under § 1981 and properly determined whether plaintiff "plausibly alleged any of these elements." *See* Docket No 132 at 9-10. But the magistrate judge did not require plaintiff to establish a prima facie case. Rather, the magistrate judge recommends that the § 1981 claim be dismissed due to plaintiff's failure to identify a contract between himself and another party in this action and his race or membership in a protected class. *Id.*

Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1981 claim.

### C. Objection to Dismissal of 42 U.S.C. § 1983 Claim

Plaintiff objects to the magistrate judge's recommendation that plaintiff's § 1983 claim be dismissed. *See* Docket No. 136 at 10-15. The magistrate judge considered plaintiff's § 1983 claim as asserted against (1) defendants Galan, Lazar, and Hart; (2)

___

[2] Plaintiff argues in his response to the motions to dismiss that he and his family have been subjected to antisemitic rhetoric. *See* Docket No. 132 at 9 n.6 (citing Docket No. 41 at 17). The magistrate judge properly disregarded these allegations because they were not asserted in the complaint. *See id.*

defendants Loewer and Allen; and (3) defendants Meredith, Pilkington, and Boatright.
Docket No. 132 at 10-21.

### 1. Defendants Galan, Lazar, and Hart

The magistrate judge finds that plaintiff has not plausibly alleged that defendants
Galan, Lazar, and Hart acted under the color of state law and does not allege that any
of these defendants ever held an official position for the State of Colorado or any other
government. *Id.* at 12. Furthermore, the magistrate judge finds that plaintiff cannot
"satisfy any of the four tests . . . for deeming private parties to be state actors." *Id.* at
13. Plaintiff argues that he has plausibly alleged that defendants Galan, Lazar, and
Hart engaged in conduct that is fairly attributable to the state because he has pled "[joint
participation" between defendants Galan, Lazar, and Hart and state actors. Docket No.
136 at 10. Plaintiff contends that the complaint alleges that defendants Galan, Lazar,
and Hart, as "private actors enlisted, leverage, coordinated with, and caused state
actors to exercise state power to deprive Plaintiff of constitutional rights." *Id.* at 6. More
generally, plaintiff also argues that the recommendation "misapplies state-action tests"
used by the Tenth Circuit to determine whether private parties should be deemed state
actors. *Id.* at 11.

"Under Section 1983, liability attaches only to conduct occurring 'under color of
law.' Thus, under the state action doctrine, a proper defendant in a § 1983 action is one
who represents the state in some capacity." *Schwab v. Kansas Dep't of Child. & Fams.*,
851 F. App'x 110, 117 (10th Cir. 2021) (unpublished) (citations omitted). In *Johnson v.
Rodrigues*, 293 F.3d 1196, 1202-05 (10th Cir. 2002), the Tenth Circuit discussed four
tests used to determine whether private parties should be deemed state actors: (1) the

public function test; (2) the nexus test; (3) the symbiotic relationship test; and (4) the

joint action test.

"The public function test consists of determining whether the state has delegated

to a private party 'a function traditionally exclusively reserved to the States.'" *Johnson*,

293 F.3d at 1203 (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442,

1456 (10th Cir. 1995)).  The Court agrees that there are no allegations in the complaint

that "Defendants Galan, Lazar or Hart exercised powers traditionally exclusively

reserved to the State."  *See* Docket No. 132 at 13.  Plaintiff does not point to any

allegations that demonstrate otherwise.  *See* Docket No. 136 at 11.  Rather than point

to specific factual allegations, plaintiff makes generalized arguments that do not address

the deficiencies in his complaint.  For example, he argues that the magistrate judge

"misapplied[d] state action tests," "treats the tests as mutually exclusive categories," and

"narrows the public function inquiry."  *See id.* (internal quotation omitted).

"Under the nexus test, a plaintiff must demonstrate that there is a sufficiently

close nexus between the government and the challenged conduct such that the conduct

may be fairly treated as that of the State itself."  *Johnson*, 293 F.3d at 1203 (quoting

*Gallagher*, 49 F.3d at 1448) (internal quotations omitted).  "Under this approach, a state

normally can be held responsible for a private decision 'only when it has exercised

coercive power or has provided such significant encouragement, either overt or covert,

that the choice must in law be deemed to be that of the State.'"  *Gallagher*, 49 F.3d at

1448 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).  Plaintiff fails to allege that

any state actor coerced or encouraged defendants Galan, Lazar, or Hart to engage in

the challenged conduct.  Plaintiff does not point to any allegations that support this

theory, merely arguing that the Recommendation "demands explicit coercion while ignoring that knowing facilitation/enablement and interdependence can satisfy nexus/entwinement principles." Docket No. 136 at 11. He does not explain what allegations support the existence of "knowing facilitation/enablement and interdependence." *See id.*

"Under the analysis referred to as the 'symbiotic relationship test,' the state must have 'so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'" *Johnson*, 293 F.3d at 1204 (quoting *Gallagher*, 49 F.3d at 1451). The Court agrees with the magistrate judge that plaintiff "has not alleged the type of long-term interdependence and entwinement between the private actors and the State of Colorado that would turn Defendants Galan, Lazar, and Hart into state actors." *See* Docket No. 132 at 14. Again, plaintiff's objection points to no facts that support a contrary finding, and the Court finds no such facts in the complaint.

"Under the joint action test, 'state action is also present if a private party is a willful participant in joint action with the State or its agents.'" *Johnson*, 293 F.3d at 1205 (quoting *Gallagher*, 49 F.3d at 1453). Plaintiff fails to set forth non-conclusory allegations that support joint action. For example, he alleges that defendants collectively "orchestrat[ed] widespread racketeering" and "weaponize the judicial branch of government in Colorado." *See* Docket No. 1 at 5, 9, ¶¶ 31, 52. Plaintiff argues in his objection that the "Recommendation collapses joint-action analysis into a pleading-label requirement . . . rather than evaluating plausibly pleaded willful participation with state actors." Docket No. 136 at 11. However, he does not cite alleged facts that plausibly

plead "willful participation with state actors," and the Court finds none in the complaint.

Plaintiff argues that he has alleged that private defendants caused a "deprivation

through state machinery;" *id*., however, the mere fact that private parties use the court

system does not constitute joint action with the state. *See Scott v. Hern*, 216 F.3d 897,

906 (10th Cir. 2000) ("A private individual does not engage in state action simply by

availing herself of a state procedure."). Accordingly, the Court will dismiss plaintiff's

§ 1983 claim asserted against defendants Galan, Lazar, and Hart.[3]

### 2. *Defendants Loewer and Allen*

The magistrate judge recommends that plaintiff's § 1983 claim against

defendants Judge Loewer and Magistrate Allen be dismissed because they are entitled

to absolute judicial immunity. Docket No. 132 at 19. The magistrate judge finds that

plaintiff fails to allege that Judge Loewer and Magistrate Allen took action in the clear

absence of all jurisdiction. *Id.* at 16-18. Plaintiff objects, arguing that the magistrate

judge "misapplies controlling immunity doctrine by collapsing functional inquiry and

jurisdictional limits." Docket No. 136 at 12. He argues that the magistrate judge

---

[3] Plaintiff argues that "the Recommendation's categorical proposition that 'private attorneys do not act under color of state law' is overbroad and conflicts with Supreme Court authority." Docket No. 136 at 11. Plaintiff argues that this finding is "overbroad" and conflicts with *Tower v. Glover*, 467 U.S. 914, 920 (1984). *Id. Tower* is inapposite; the Supreme Court did not consider whether private attorneys act under the color of state law, but rather found that "public defenders are not immune from liability in actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive the § 1983 plaintiff of federal constitutional rights." *Tower*, 467 U.S. at 916. The Court agrees with the magistrate judge that "[a]ll allegations against Defendant Hart relate to his role as a private attorney." Docket No. 132 at 12.

"misapplies the clear absence of all jurisdiction doctrine and improperly resolves jurisdictional questions." *Id.* at 13 (internal quotations omitted).

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). Judicial immunity is overcome only where (1) the actions in question were not taken in the judge's "judicial capacity" or (2) where the actions in question were taken in the "complete absence of all jurisdiction." *Id.* (citation omitted). Whether "an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (internal alterations omitted)). A "judge does not act in the clear absence of all jurisdiction even if the action he took was in error, was done maliciously, or was in excess of his authority." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009).

The complaint alleges that Judge Loewer overruled plaintiff's objections, referred to plaintiff as "respondent" and entered "void" orders. Docket No. 1 at 8, ¶ 48. Plaintiff alleges that Magistrate Allen, after plaintiff had filed a notice of removal in the state case, held a September 27, 2023 hearing to consider the notice of removal. *Id.* at 9, 10, ¶¶ 53, 56. After the hearing, Magistrate Allen entered a minute order in which he referred to plaintiff as "respondent" and concluded that the state court proceedings would be stayed because the court's jurisdiction was suspended given plaintiff's notice of removal. *Id.* at 10, ¶ 56. Plaintiff alleges that Magistrate Allen continued a prior-set

hearing and Magistrate Allen stated that he was "sure the federal court would remand the relocation scam" back to the state court. *Id.* The Court finds that these allegations, which concern judicial rulings and hearings, are acts taken in Judge Loewer's and Magistrate Allen's judicial capacity. *Mireles*, 502 U.S. at 12.

Plaintiff argues that the magistrate judge erred by failing to "recognize[] two limits on immunity: non-judicial acts and actions taken in clear absence of jurisdiction." Docket No. 136 at 13. The Court rejects this argument. The magistrate judge considered whether plaintiff plausibly alleged that defendants Loewer and Allen engaged in conduct outside their judicial capacity or that taken in the clear absence of jurisdiction. *See* Docket No. 132 at 16-19.

Plaintiff also argues that he has alleged conduct taken in the clear absence of jurisdiction because Judge Loewer and Magistrate Allen took action in the state proceedings despite plaintiff filing the notice of removal. *See* Docket No. 136 at 13. However, plaintiff's argument lacks merit because no action was taken in the state court until the case was remanded on November 21, 2023. *See In re: Marriage of Bellinsky*, Case No. 2015DR7.[4] "Entry of an order of remand and mailing a certified copy to the State Court under 28 U.S.C. § 1447(c) completely divests the federal court of jurisdiction and *reinvests the State Court with jurisdiction to proceed.*" *Corrado v. Freundlich*, 2017 WL 5495812, at *3 (E.D.N.Y. Mar. 27, 2017) (citation and alteration

---

[4] The Court takes judicial notice of the state court docket in Case No. 2015DR7. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

omitted).  Furthermore, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57.  Thus, even if Judge Loewer and Magistrate Allen did take action after plaintiff filed the notice of removal, such action taken in excess of jurisdiction does not mean that defendants acted in the clear absence of jurisdiction, "particularly so where the removal is improvident, or contrary to law, and will likely be remanded" as was the removal by plaintiff.[5]  *See Martyak v. McSorley*, 2007 WL 9701851, at *3-4 (S.D. Fla. Mar. 20, 2007) ("cases setting forth judicial immunity make clear that judges are to be held immune for judicial actions taken, even when said actions are in excess of the judge's jurisdiction, and even when the judge errs in making the determination that he or she has continued jurisdiction"); *Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) ("When a judge who clearly had jurisdiction over a matter is precluded from exercising that jurisdiction by a removal of the case to federal court, *see* 28 U.S.C. § 1446, any judicial actions she takes thereafter may be in excess of, but are not in the complete absence of, jurisdiction.") (internal quotations and citation omitted); *Lesane v. Bell*, 2024 WL 5316239, at *9 (E.D.N.C. Nov. 19, 2024) ("surrounding circuits and courts have found that judicial actions that occur between removal and remand are 'in excess of jurisdiction,' as opposed to 'in absence of jurisdiction'").

---

[5]As the Court found in its November 21, 2023 order remanding plaintiff's state case, "the Court lacks subject matter jurisdiction over this case because Mr. Bellinsky removed a domestic relations matter."  *Galan v. Bellinsky*, Case No. 23-cv-01799-PAB, Docket No. 25 at 6 (D. Colo. Nov. 11, 2023).

Finally, plaintiff objects to footnote 10 of the recommendation, arguing that it

"manufactured § 1983 conspiracy framing" and failed to apply the "correct joint-

action/state action framework under § 1983."  Docket No. 136 at 7.

> Plaintiff also alleges that Defendants Loewer and Allen conspired with the non-
> judicial Defendants in this case and should face liability for that non-judicial
> conspiracy.  [See, e.g., id. at ¶ 48A]  However, Plaintiff simultaneously asserts
> that he did not plead an action for a Section 1983 conspiracy.  [See #42 at 19]  In
> addition, the facts as alleged fail to plausibly plead any conspiracy on the part of
> either Defendant Loewer or Defendant Allen.  Plaintiff does not plead that either
> of these Defendants entered an explicit or implicit agreement with any other
> Defendant, nor does the Complaint identify a shared objective held by
> Defendants Loewer or Allen or any motive that either of these Defendants may
> have had.  There is thus insufficient factual content to support the existence of a
> conspiracy.  As a result, the only acts of the judicial Defendants at issue in this
> case are the acts taken in their judicial capacities.

Docket No. 132 at 18 n.10.  Plaintiff contends that "the Recommendation fails to

analyze the pleaded theory that judicial defendants participated in the joint scheme with

private actors, where immunity does not shield judges who engaged in joint action to

violate federal rights."  Docket No. 136 at 13.  The alleged "joint action" does not defeat

judicial immunity, and plaintiff's reliance on *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980)

is misplaced.  *See id.*  *Dennis* does not stand for the proposition that judicial immunity is

overcome where judicial defendants are found to have engaged in joint action with

private actors.  Rather, in *Dennis* "the judge [was] properly dismissed from the suit on

the immunity grounds" and the issue was, despite the judge being entitled to judicial

immunity, whether the private parties must be dismissed as defendants.  *Dennis*, 499

U.S. at 27-28.  In any event, the Court agrees that the complaint fails to plausibly allege

joint action between any defendants.

Because the Court finds that defendants Loewer and Allen are entitled to absolute

judicial immunity, the Court will overrule plaintiff's objection and dismiss plaintiff's
§ 1983 claims against these defendants.

### 3. Defendants Meredith, Pilkington, and Boatright

The magistrate judge finds that the complaint does not plausibly state a § 1983
claim against defendants Meredith, Pilkington, and Boatright.  Docket No. 132 at 19-21.
Specifically, the court finds that plaintiff has not sufficiently alleged that Chief Judge
Pilkington and Justice Boatright have "affirmatively done anything to deprive Plaintiff of
a federal right."  *Id.* at 20.  As for defendant Meredith, the Clerk of Court for Gilpin
County, magistrate judge finds that plaintiff's allegation that she "failed to send him
various documents related to the State Proceedings" does not constitute an allegation
that she deprived him of a federal right.  *Id*.

The complaint alleges that Chief Judge Pilkington and Justice Boatright were
aware of plaintiff's criminal complaints, but that they did not act upon them.  Docket No.
1 at 5-8 ¶¶ 33-35, 37, 46-47, 49.  The Court finds that these allegations do not plausibly
allege that defendants Pilkington and Boatright deprived plaintiff of a federal right.
Plaintiff contends that § 1983 liability can attach where a plaintiff alleges "supervisory
and personal-involvement liability based on knowledge, authority, deliberate
indifference, and failure to intervene."  Docket No. 136 at 14.  However, even accepting
plaintiff's argument, plaintiff does not point to allegations from the complaint that support
these theories of liability.  Plaintiff's mere allegations that defendant Pilkington and
Boatright failed to act upon plaintiff's complaint are insufficient to state a claim under
§ 1983.

Plaintiff argues that "Tenth Circuit precedent recogniz[es] liability based on knowing acquiescence, deliberate indifference, and failure to prevent ongoing violations." Docket No. 136 at 14 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1195-96 (10th Cir. 2010)). *Dodds* addressed "questions about the continuing vitality of supervisory liability under § 1983." *Dodds*, 614 F.3d at 1194. Section 1983 "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights secured by the Constitution." *Id.* at 1199 (internal quotations, alterations, and citations omitted). Plaintiff fails to cite allegations from the complaint, and the Court finds none, showing that Chief Judge Pilkington and Justice Boatright created, promulgated, implemented, or were otherwise responsible for a policy that subjected plaintiff to the deprivation of his constitutional rights.

Turning to the claim against defendant Meredith, plaintiff argues that the recommendation "treats docketing, service, and notice functions as immune, despite clear authority that ministerial conduct does not receive absolute immunity." Docket No. 136 at 14. The magistrate judge did not dismiss the claim against defendant Meredith by invoking immunity; rather, he found that plaintiff "has not alleged that Defendant Meredith deprived Plaintiff of any federal rights." Docket No. 132 at 20. The Court finds no allegations that show defendant Meredith deprived plaintiff of his federal rights, and plaintiff does not specify what allegations the magistrate judge supposedly "ignor[ed]." *See* Docket No. 136 at 14.

Accordingly, the Court will overrule plaintiff's objection and dismiss plaintiff's § 1983 claim against defendants Meredith, Pilkington, and Boatright.

### D. Objection to Dismissal of 42 U.S.C. § 1985 Claim

Plaintiff objects to the magistrate judge's recommendation that plaintiff's § 1985 claim be dismissed. *See* Docket No. 136 at 15-16. The magistrate judge finds that plaintiff has not plausibly alleged a claim because plaintiff never identifies his race or membership in a protected class and does not allege that defendant was motivated by plaintiff's race or other protected characteristic to take any action. Docket No. 132 at 22.

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). "Section 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (internal quotations and citation omitted).

The Court finds that the complaint is devoid of factual allegations that support a conspiracy supported by some racial or otherwise class-based invidiously discriminatory animus. Plaintiff's objection does not address his failure to identify his race or membership in a class or the lack of allegations suggesting defendants were motivated by plaintiff's membership in a protected class. His generalized arguments, such as that the magistrate judge imposed a "heightened pleading requirement," "fails to construe the Complaint collectively," "discounts the pleaded conspiracy narrative based on tone,"

and improperly "resolves agreement, objective, motive, animus, and knowing participation," do not demonstrate plausible allegations that defendants engaged in a conspiracy based on plaintiff's membership in a protected class.  *See* Docket No. 136 at 15.  Furthermore, plaintiff's argument that he has alleged conduct that was "in furtherance of the alleged conspiracy" does not address the complaint's failure to plausibly allege conduct motivated by discriminatory animus.  *See id*.

Accordingly, the Cout will overrule plaintiff's objection and dismiss plaintiff's § 1985 claim.

### E.  Objection to Dismissal of 42 U.S.C. § 1986 Claim

Plaintiff objects to the dismissal of his § 1986 claim asserted against the State Defendants and defendant Hart.  Docket No. 137 at 17-18.  The magistrate judge considers plaintiff's § 1986 claim as asserted against the (1) State of Colorado and (2) defendant Hart and the remaining State Defendants.  *See* Docket No 132 at 22-25. Plaintiff does not object to the magistrate judge's finding that plaintiff's claim against the State of Colorado must be dismissed because it is immune from suit pursuant to the Eleventh Amendment.[6]  *See* Docket No. 132 at 22-24; Docket No. 136 at 17-18.  The Court does not find clear error in the magistrate judge's finding and will dismiss that claim without prejudice.

Section 1986 provides in relevant part:

---

[6] To the extent that plaintiff's argument that the magistrate judge "fails to disentangle sovereign-immunity doctrines from individual-capacity liability" is directed at the magistrate judge's Eleventh Amendment immunity finding, *see* Docket No. 136 at 17, the Court finds no basis for this objection.  The magistrate judge separately considers whether the State of Colorado was entitled to Eleventh Amendment immunity and did not apply that finding to the remaining State Defendants and defendant Hart. *See* Docket No. 132 at 22-25.

> Every person who, having knowledge that any of the wrongs conspired to be
> done, and mentioned in section 1985 of this title, are about to be committed, and
> having power to prevent or aid in preventing the commission of the same,
> neglects or refuses so to do, if such wrongful act be committed, shall be liable to
> the party injured.

42 U.S.C. § 1986.  As the magistrate judge notes, "there can be no valid claim under
§ 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under
§ 1985."  Docket No. 132 at 24-25 (quoting *Santistevan v. Loveridge*, 732 F.2d 116, 118
(10th Cir. 1984)).  As discussed previously, the Court finds that plaintiff fails to plausibly
allege a claim under § 1985.  Therefore, the Court rejects plaintiff's objection that the
magistrate judge improperly dismissed the § 1986 claim "without correcting the legal
errors infecting the § 1985 analysis."  *See* Docket No. 136 at 17.  Plaintiff cannot state a
claim under § 1986 against the remaining State Defendants and defendant Hart when
he fails to state a claim under § 1985.  Accordingly, the Court will overrule plaintiff's
objection and dismiss plaintiff's § 1986 claim against the remaining State Defendants
and Hart.

### F.  Objection to the Factual Background, Procedural Background, and Standard of Review

Plaintiff argues that the Factual Background section of the magistrate judge's
order commits "threshold framing and methodological errors that distort the factual
baseline and violate Rule12 pleading standards."  Docket No. 136 at 7.  Plaintiff's
objections are improper because they are not specific.  A specific objection is one that
"enables the district judge to focus attention on those issues – factual and legal – that
are at the heart of the parties' dispute."  *See One Parcel*, 73 F.3d at 1059.  Plaintiff does
not specify which facts in the Factual Background section he is challenging and does
not explain how errors in the Factual Background section caused the magistrate judge

to err in his analysis.  For instance, plaintiff argues that the recommendation "front-loads

dispositive language ('carefully considered,' 'respectfully RECOMMEND,' 'GRANTED,'

'DECLINED'") before neutrally stating facts."  Docket No. 136 at 7-8.  He objects to the

fact the magistrate judge refers to "State Defendants" and that the recommendation

"relies on docket materials and procedural history to contradict or override well-pleaded

allegations."  *Id*. at 8.  Plaintiff contends that the recommendation "implicitly reframes

this federal civil-rights action as a custody dispute" and "omits or minimizes jurisdiction

divestiture" without explaining how the recommendation does so or how it affects the

magistrate judge's findings.  *Id*.

Plaintiff's objections to the Procedural Background similarly lack specificity

because they do not explain how the magistrate judge erred and do not tie purported

errors in the Procedural Background section to the magistrate judge's findings.  *See id*.

at 8-9.  To the extent that plaintiff objects to the magistrate judge's recommendation that

plaintiff's claims be dismissed, the Court has already resolved those objections as

discussed above.  Plaintiff objects to the Standard of Review section, arguing that it

"recites correct abstract standards but misapplies them to authorize fact-finding,

jurisdictional relabeling, and inference-weighing."  *See id.* at 9-10.  As discussed above,

the Court agrees with the magistrate judge's application of the correct legal standard to

the facts.  Accordingly, the Court will overrule plaintiff's objection.

### G.  Objection Regarding Leave to Amend

Plaintiff objects on the basis that the recommendation "recommends dismissal

without leave to amend where any perceived deficiency is one of pleading detail rather

than legal impossibility."  *Id*.  However, the recommendation does not recommend that

leave to amend be denied.  In fact, plaintiff did not move for leave to amend.  The

magistrate judge did not have an obligation to sua sponte grant plaintiff leave to amend.

*See Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1256 (10th Cir. 2024) ("the district

court's choice not to sua sponte grant leave to amend was not an abuse of discretion"

where plaintiff did not request leave to amend).  To the extent that plaintiff is attempting

to move for leave to amend through his objections, the Court will deny that request

because he fails to comply with the Local Rules of this District for filing an amended

complaint.  *See* D.C.COLO.LCivR 15.1; D.C.COLO.LCivR 7.1(d) ("A motion shall be

filed as a separate document.").  Accordingly, the Court will overrule plaintiff's objection.

### H.  Objection Regarding Disqualification Under 28 U.S.C. § 455

Plaintiff renews his argument that disqualification under 28 U.S.C. § 455 is

proper in this case.  *See* Docket No. 136 at 4-5.  However, he does not specify whether

he seeks the recusal of the magistrate judge or the undersigned.  *See id.*  The Tenth

Circuit has affirmed the Court's order denying plaintiff's motion for recusal, the plaintiff

makes no new arguments, and the Court will therefore overrule this objection.  *See*

Docket No. 91 at 6-8.

### I.  Non-Objected to Portions of the Recommendation

The Court has reviewed the rest of the recommendation to satisfy itself that there

are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory

Committee Notes.  Based on this review, the Court has concluded that the

recommendation is a correct application of the facts and the law.

Plaintiff does not object to the magistrate judge's recommendation that the Court

decline to exercise supplement jurisdiction over the IIED claim.  Although the Court may

exercise supplemental jurisdiction over a state law claim if there is a jurisdictional basis

for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to

exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed

all claims over which it has original jurisdiction."  The Tenth Circuit has instructed that,

"if federal claims are dismissed before trial, leaving only issues of state law," courts

should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the

contrary."  *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010), abrogated by

*Torres v. Madrid*, 592 U.S. 306 (2021) (brackets, citations, and internal quotation marks

omitted).  This rule is consistent with "[n]otions of comity and federalism," which

"demand that a state court try its own lawsuits."  *Id*. at 1230 (quoting *Ball v. Renner*, 54

F.3d 664, 669 (10th Cir. 1995)).  Because the Court will dismiss all of plaintiff's federal

claims, the Court will decline to exercise supplemental jurisdiction over plaintiff's IIED

claim.[7]

## IV.    CONCLUSION

Therefore, it is

---

[7] Plaintiff attaches as an exhibit to his objections an 88-page document
containing "Detailed Objections."  *See* Docket No. 136 at 1; Docket No. 136-1.  The
Court will not consider this exhibit.  Plaintiff may not circumvent the page restrictions
imposed by the Court's practice standards by including arguments in the form exhibits.
*See Uhlig LLC v. CoreLogic, Inc.*, 2024 WL 1557626, at *1 (D. Kan. Apr. 10, 2024)
(refusing "to abide an approach empowering parties to grant themselves extra pages by
moving their factual disputes to exhibits – a place where no page limit exists").  Plaintiff
moved for leave to file an 88-page objection to the magistrate judge's recommendation,
which the Court denied in part and granted in part, permitting plaintiff to file an objection
not to exceed 20 pages.  Docket No. 135.  The Court finds that plaintiff had an adequate
number of pages under the page limits to make his objections.  Moreover, even though
much of the "condensed" objection violates the Local Rules' requirement that pleadings
be double spaced, *see* D.C.COLO.LCivR 10.1(e), the Court will not strike Docket No.
136.

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 132] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiff's Condensed De Novo Objections to the December 12, 2025 Recommendation [Docket No. 136] are **OVERRULED**.  It is further

**ORDERED** that the State Defendants' Motion to Dismiss [Docket No. 27] is **GRANTED**.  It is further

**ORDERED** that defendant Andrew Newton Hart's Motion to Dismiss [Docket No. 30] is **GRANTED**.  It is further

**ORDERED** that defendant Rachel Zinna Galan's Motion to Dismiss [Docket No. 38] is **GRANTED**.  It is further

**ORDERED** that defendant Steven James Lazar's Motion to Dismiss [Docket No. 44] is **GRANTED**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1981 is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against defendants Galan, Lazar, and Hart is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. §1983 against defendants Loewer and Allen is **DISMISSED with prejudice**.[8]  It is further

---

[8] Dismissal with prejudice is proper where the defendants are entitled to absolute judicial immunity.  *Mehdipour v. Matthews*, 386 F. App'x 775, 778 (10th Cir. 2010) (affirming the district court's dismissal with prejudice of claims subject to absolute judicial immunity)

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against defendants Meredith, Pilkington, and Boatright is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1985 is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's claim brought pursuant to 42 U.S.C. § 1986 is **DISMISSED without prejudice**.  It is further

**ORDERED** that the Court declines supplemental jurisdiction over plaintiff's claim for Intentional Infliction of Emotional Distress and that claim is **DISMISSED without prejudice**.[9]  It is further

**ORDERED** that Plaintiffs' Motion for Leave to File Limited Reply to State Defendants' Response to Rule 72(b) Objections [Docket No. 139] is **DENIED**.[10]  It is further

---

[9] Under Colo. Rev. Stat. § 13-80-111(1), if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later."  *See also Artis v. D.C.*, 583 U.S. 71, 74-75 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).

[10] Fed. R. Civ. P. 72(b)(2) does not contemplate the filing of reply briefs in support of objections.  *Drexler v. Spahn*, 2022 WL 17333076, at *4 n.5 (10th Cir. Nov. 30, 2022).  The Court has discretion whether to grant leave to file a reply brief.  *See id.* "Absent exceptional circumstances, leave for a reply is typically denied."  *Hellen v. Am. Fam. Ins. Co.,* No. 22-cv-02717-REB-SBP, 2024 WL 3634939, at *1 (D. Colo. Feb. 21, 2024) (citation omitted).  The Court does not find that a reply brief is necessary for the Court's analysis.  *See Branta, LLC v. Newfield Prod. Co.*, No. 15-cv-00416-WYD-KLM, 2017 WL 4335009, at *1 (D. Colo. Apr. 28, 2017) ("Fed. R. Civ. P. 72(a) does not contemplate a reply and I do not find that a reply is necessary.").  Moreover, the Court

**ORDERED** that this case is closed.

DATED January 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

has reviewed plaintiff's proposed reply and finds that it lacks merit. *See* Docket No.
138.